**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

PHILLIP BRUNDAGE,

               Plaintiff,               Civ. No. 6:20-cv-705

v.

BURNS & MCDONNEL ENGINEERING
COMPANY, INC. a foreign corporation licensed
to do business in Florida, and
ZEROCHAOS, LLC, a Florida Limited
Liability Company,

               Defendants.
_____/

## COMPLAINT

Plaintiff, Phillip Brundage ("Plaintiff") by his attorney, brings this Complaint against Defendants Burns & McDonnell Engineering Company, Inc. a foreign corporation licensed to do business in Florida ("BM")and Zerochaos, LLC a Florida Limited Liability Company ("ZC") (collectively, "Defendants") and shows the Court as follows:

## INTRODUCTION

1. Phillip Brundage brings this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) to recover due but unpaid overtime compensation plus an additional like amount as liquidated damages and to be reimbursed his costs of litigation, including his reasonable attorneys' fees. In addition, Plaintiff brings an action pursuant to 29 U.S.C. §215(a)(3) for retaliation against Defendant BM for failing and refusing to permit Plaintiff to record all his regularly worked hours under threat of termination and a supplemental State claim for interference with contractual relations.

- 1 -

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce and supplemental jurisdiction under 28 U.S.C. § 1367.

3. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391 because a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4. At all times material hereto, Plaintiff resided in Orange County, Florida.

5. BM is a corporation organized under the laws of the State of Missouri and is authorized to do business in Florida and does in fact do substantial business in Florida.

6. ZC is a Florida corporation with offices and a place of business located at 420 South Orange Avenue, Suite 600, Orlando, Florida 32801.

7. Plaintiff has retained the services of the undersigned counsel and agreed to pay him a reasonable fee for his services.

## RELEVANT FACTS

8. At all times material hereto, Plaintiff was an "employee" of Defendants as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1) and applicable regulations.

9. Defendants are joint employers in that they shared responsibility for hiring and firing Plaintiff, for supervising and controlling Plaintiff's work schedule and conditions of employment, for determining the employee's rate or method of pay and for maintaining the Plaintiff's employment records.

10. On or about January 10, 2018, ZC, a staffing agency, entered into a contract with Plaintiff setting forth that he would provide services to Burns & McConnell as a non-exempt employee for approximately 337 days and be paid at the rate of $57.47 per hour and at the rate of $86.21 for overtime.

11. Plaintiff was required to work under the direction of BM and to provide BM with daily time records which on information and belief, BM provided to ZC and from which Plaintiff was paid.

12. During the term of Plaintiff's employment on a regular and consistent basis, Plaintiff provided daily time records to BM in the form of text messages. However, no matter what the daily time records added up to on a weekly basis, Plaintiff was told by BM that if he included any hours in excess of 40 on his time sheets, he would be terminated. In one or two instances Plaintiff was permitted to include a few overtime hours but in the main, he was prohibited from doing so on threat of termination.

13. During Plaintiff's employment he was "engaged in commerce" as an employee of Defendants as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1) and relevant regulations.

14. Defendants were at all times an "employer" of Plaintiff as defined in FLSA § 3(d), 29 U.S.C. §203(d) and relevant regulations.

15. Defendants were an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1) and had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16. Defendants had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person" as defined in 29 U.S.C. § 203(s)(1)(A) including but not limited to office supplies, communications equipment, banking and personnel services.

17. Defendants had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

18. Defendants were an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

19. At all times material hereto, Defendants compensated Plaintiff for his work via an hourly wage as a non-exempt employee.

20. Defendants are jointly and severally liable under the FLSA for, *inter alia*, failing to properly pay overtime wages to Plaintiff.

## **COUNT I - FAILURE TO PAY OVERTIME**

21. The allegations in all previous paragraphs are incorporated by reference as if fully set forth herein.

22. At all times material hereto, Plaintiff was an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

23. During his employment with Defendants, Plaintiff regularly worked in excess of forty (40) hours each week as a non-exempt employee.

24. With minor exceptions, Defendants failed to pay Plaintiff one and one-half times his regular rate for work in excess of forty (40) hours in any week during his employment.

25. Defendants failed to keep and maintain accurate records of the hours worked by Plaintiff in violation of 29 U.S.C. § 211(c) and in the case of BM insisted that Plaintiff submit fewer hours than actually worked so as to avoid having to pay overtime.

26. Defendants willfully failed to pay Plaintiff at one and one-half times his regular rate for work in excess of forty (40) hours in any week during the term of his employment.

27. Plaintiff is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

28. Because of the non-payment of overtime compensation as alleged above, Plaintiff is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

29. Because of the underpayment of overtime compensation as alleged above, Plaintiff is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

**WHEREFORE**, Phillip Brundage prays for the following relief:

a. An amount to be determined at trial against Defendants jointly and severally in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages

b. An award of prejudgment and post-judgment interest;

c. An award of the costs of litigation, including reasonable attorneys' and expert fees from Defendants; and

d. For such other and further relief as the Court deems just and proper.

## COUNT II—RETALIATION UNDER THE FAIR LABOR STANDARDS ACT

(As to Burns & McConnell only)

28. This is a claim by Plaintiff for retaliation pursuant to FLSA, 29 U.S.C. § 215(a)(3) against against Burns & McConnell.

29. Plaintiff repeats and realleges the foregoing paragraphs as if repeated and realleged at length herein.

30. From the beginning of his employment, BM requested that Plaintiff provide daily time records of his workday. Plaintiff sent his daily hours via text message to BM.

31. When tallying up his weekly hours however, Plaintiff was told by BM that he was not permitted to submit any time sheet that had more than 40 hours, even if his daily totals exceeded 40 hours in a given week. While Plaintiff objected to this practice, Plaintiff was told a violation of this rule or a complaint about this rule would lead to his termination.

32. In one or two rare instances, Plaintiff was given permission to submit more than 40 hours but even in that event, the hours were less than those worked that week.

33. Refusing to permit Plaintiff to submit the hours he worked is the most blatant form of wage theft imaginable since both Plaintiff and Defendant BM knew the hours were not accurate and Plaintiff was effectively being robbed of his wages. The FLSA provides that it is unlawful for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act or has testified or is about to testify in any such proceeding or has served or is about to serve on an industry committee." Objecting orally to an unlawful practice has been held by the Supreme Court to satisfy this statute. *Kasten v. Saint-Gobain Performance Plastics Corp.,* 131 S. Ct. 1325, 1329 (U.S. 2011).

WHEREFORE, Phillip Brundage prays for the following relief:

a. An amount of lost wages, and an equal amount in liquidated damages

b. An award of front pay and compensatory damages and

c. An award of reasonable attorney fees, pre-judgment interest and punitive damages together with such other relief that the Court deems just.

### COUNT III   ---   TORTIOUS INTERFERENCE WITH CONTRACT

(As to Burns & McDonnell only)

33. Plaintiff repeats and realleges the foregoing paragraphs as if repeated and realleged at length herein.

34. On or about January 2018 Plaintiff entered into a contractual agreement with ZC to provide services to BM in return for wages.

35. BM knew that Plaintiff had entered into a contract with ZC because it requested that ZC find a candidate who could perform the work BM needed done and further that BM knew that Plaintiff was to be paid by ZC based on the time sheets that Plaintiff provided to BM and that BM in turn provided to ZC.

36. BM, knowing that Plaintiff was paid based upon the amount of hours BM submitted to ZC intentionally and without justification interfered with Plaintiff and ZC's relationship by compelling Plaintiff to submit fewer hours for pay than were worked.

37. As a direct and proximate result of this interference, Plaintiff was paid less than he was required to be paid by ZC.

WHEREFORE, Phillip Brundage prays for the following relief:

a. An amount of lost wages which otherwise would have been paid but for BM's interference together with costs and interest;

  b. And together with such other relief that the Court deems just.

Plaintiff reserves the right to interpose a claim under Florida State law for punitive damages should the facts warrant.

## JURY TRIAL DEMANDED

Plaintiff demands a trial by jury for all claims.

Dated: April \_\_\_, 2020

               */s/ Constantine W. Papas*
               Constantine W. Papas, Esq.
               Florida Bar No. 0089974
               **Law Office of Constantine W. Papas, P.A.**
               1277 N. Semoran Blvd. Ste. 106
               Orlando, FL 32807
               Telephone: (407) 347-6502
               Facsimile:  (407) 206-3655
               Email: cwp@deanpapaslaw.com
               Attorney for Plaintiff